UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-69-F

| | | |
|---|---|---|
| VALPARISIA R. BANNAMON and<br>MOSES W. ROBINSON,<br><br>       Plaintiffs,<br><br>    v.<br><br><br>THE CITY OF FAYETTEVILLE; DALE<br>INMAN; ANTHONY G. CHAVONNE;<br>WESLEY A. MEREDITH; KEITH A.<br>BATES, SR.; CHARLES E. EVANS;<br>ROBERT A. MASSEY, JR.; D.J. HAIRE;<br>ROBERT T. HURST, JR.; WILLIAM<br>JOSEPH CRISP; VALENCIA A.<br>APPLEWHITE; THEODORE W. MOHN;<br>DAVID B. CRAIG; HARVEY RAYNOR;<br>KAREN MCDONALD; SHARON FORD;<br>DENISE CLINE; ATTORNEY BRISSON;<br>COUNTY OF CUMBERLAND,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the court on the Motion to Dismiss for Lack of Jurisdiction [DE-33]

filed by Valencia A. Applewhite, Keith A. Bates, Sr., Anthony G. Chavonne, City of

Fayetteville, William Joseph Crisp, Charles E. Evans, D.J. Haire, Robert T. Hurst, Jr., Dale

Inman, Robert A. Massey, Jr., Karen McDonald, Wesley A. Meredith, Theodore W. Mohn; the

Motion to Dismiss Pursuant to Rule 12 and 41 [DE-38] filed by Attorney Brisson, Denise Cline,

David B. Craig, Sharon Ford, Harvey Raynor; and the Motion to Dismiss Pursuant to Rule 12

and 41 [DE-41] filed by County of Cumberland (hereinafter all parties listed above will be

collectively referred to as "Defendants"). Valparisia R. Bannamon and Moses W. Robinson

("Plaintiffs" or "Bannamon") have filed Responses [DE-44; DE-45; DE-46; DE-47] in opposition. This matter is now ripe for adjudication.

## I. STATEMENT OF THE CASE

On February 25, 2010, Plaintiffs brought suit against Defendants alleging claims under 42 U.S.C. §1983 and Title VI of the Civil Rights Act of 1964, and claiming that the various Defendants discriminated against Bannamon in the tax collection process in Fayetteville and Cumberland County, North Carolina.[1] *See* [DE-1]. On July 5, 2010, Plaintiffs were notified that service had not been made within a 120 days of the filing of the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. *See* [DE-24].

On July 8, 2010, Plaintiffs filed a Motion for Extension of Time [DE-25] to properly effect service of process on all Defendants. Upon careful consideration, the court, on July 12, 2010, issued an Order [DE-26] allowing the request and gave Plaintiffs until October 1, 2010 to properly serve all Defendants. On October 7, 2010, as no proof of service had been provided, the court ordered Plaintiffs to show cause, on or before October 21, 2010, as to why this action should not be dismissed for failure to effect proper service of process. *See* [DE-29]. On October 22, 2010, in response to the court's order to show cause, Plaintiffs argued that although they did not meet the October 1, 2010 deadline, "[a]ccording to the information from the U.S. Postal Service only two Defendants failed to pick up their [c]omplaints[.]" [DE-32]. On October 22, 2010 and November 12, 2010, Defendants, filed separate Motions to Dismiss,[2] arguing, *inter*

---

[1] Plaintiffs originally brought this same suit on March 13, 2009. On November 2, 2009, the court dismissed this original suit for failure to provide adequate proof of sufficiency of process. *See Bannamon et al v. Inman et al*, 5:09-CV-115-F, [DE-68].

[2] As Defendants are represented by different counsel, separate motions to dismiss were filed on different dates.

2

*alia*, that the case should be dismissed pursuant to Rules 12(b)(1), (2), (4), (5), and (6) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF THE FACTS

Plaintiffs' alleged claims against Defendants appear to rise out of the tax collection process on properties owned in Fayetteville and Cumberland County, North Carolina. *See* [DE-1], Compl., p. 6. In the complaint, Plaintiffs claim that they "did not owe any delinquent taxes" as of November 3, 2007 and that their case should not have been "turned over to an attorney for collection." *See* [DE-1], Compl., p. 6. In fact, Plaintiffs claim that the payments made were "misapplied" so that "[attorney David B. Craig] could have a [c]ourt [c]ase." *See* [DE-1], Compl., p. 6.

As a result, Plaintiffs, under 42 U.S.C. § 1983, contend that Defendants have violated their rights under the Due Process Clause of the Fourteenth Amendment, Equal Protection Clause of the Fourteenth Amendment, and claims an unspecific form of discrimination. Plaintiffs also argue that Defendants are liable under Title VI of the Civil Rights Act of 1964 by "failing to exercise supervisory responsibility over the local tax office and City and County Attorneys to insure that citizens are not discriminated against[.]" [DE-1], Compl., p. 4. Plaintiffs specifically claim that Defendants:

> 1.     failed to investigate the system after receiving several complaints from the Plaintiffs, Valparisia R. Bannamon and her brother Moses W. Robinson
>
> 2.     failed to act in the best interest of the citizens by turning a deaf ear and allowing discrimination in tax collection procedures to be implemented and continued
>
> 3.     created and allowed an elaborate scheme to 'pass the buck' and relieve themselves of the responsibility for providing adequate safeguards to protect the citizens and their rights to equal protection of the law

3

4.      failed in their duty to protect and preserve the dignity and self-worth of citizens

5.      failed to protect citizens from personal injury and the effects of discrimination

6.      failed to prepare guidelines and performance standards with procedural safeguards and to monitor tax collectors

[DE-1], Compl., p. 4 – 5.

In the section titled "Memorandum of Law" in the complaint, Plaintiffs further contend that when attorney, David B. Craig, applied the payments received for the property taxes owed to his attorneys fees, he:

1.      violated the law

2.      violated the Plaintiff[s'] [c]ivil rights

3.      committed fraud

4.      committed embezzlement

5.      committed irreparable harm to the plaintiff[s] by having a tax foreclosure notice published in the local newspaper

6.      committed defamation of character

7.      discriminated against the plaintiff

[DE-1-2], Compl., p. 2.

As evidence, Plaintiffs claim that Denise Cline, who works with attorney David B. Craig, stated, "Ms. Bannamon, we do not know how the Tax Office decides whose file they turn over to us. Your taxes are current. There are some people who have not paid their taxes since 2004." [DE-1-2], Compl., p. 2. Moreover, Plaintiffs provide that the "initial [c]ity [a]ssessment for street paving at 2224 Progress Street and 2233 Progress Street is no longer named street paving but is now called 'Lot Cleaning'...City of Fayetteville nor the County of Cumberland have

4

[n]ever performed any type of cleaning of the lots owned by the Plaintiff." [DE-1-2], Compl., p.

3. Furthermore, Plaintiffs claim that their neighbor stated:

> Val, the City is just picking on you about a street paving bill. I've been here longer than you have. My street was paved the same time the streets were paved in the front of two of your properties. I've never been billed for street paving nor has anyone ever said anything to me about it. I'm not paying any street paving bill.

[DE-1-2], Compl., p. 3. In addition, as exhibits, Plaintiffs submitted various copies of money orders with the complaint, which purport to show the amounts paid as it relates to the taxes assessed on Bannamon's properties. *See* [DE-1-2], Ex. A; [DE-1-3], Ex. B.

Based on these alleged violations, Plaintiffs seek the following relief:

1.      To be given credit for taxes paid for the years 2006 and 2007

2.      To have the illegal foreclosure action rescinded

3.      To have the City of Fayetteville and the County of Cumberland pay their crooked lawyer, David B. Craig

4.      To be awarded the amount of $20 million dollars for the

   a.      Civil Rights violations

   b.      Discrimination

   c.      Defamation of character

   d.      Emotional distress

   e.      Pain and Suffering

5.      To have a public apology printed in the local newspaper

6.      To have all City and County employees be required to take training in the Civil Rights Laws

7. To have the Department of Justice do an investigation of the Cumberland County Tax Office to see if others have lost their properties because of fraud, deceit greed and discrimination

5

[DE-1-2], Compl., p. 6. Finally, it also appears that Plaintiffs are seeking to recover what they purport to be "overcharges" of solid waste fees that were assessed for Bannamon's property located at 2203 Progress Street. Plaintiffs contend that they are entitled to recover approximately $5,478.00 in overpaid solid waste fees. [DE-1-2], Compl., p. 4.

## III. DISCUSSION

Defendants have moved for dismissal of this suit pursuant to Rules 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure. Inasmuch as it is clear that the complaint fails to state a cognizable claim under 42 U.S.C. § 1983, the court will address only the Rule 12(b)(6) motion.

### A. Standard of Review

Rule 12(b)(6) motions test the sufficiency of a pleading. *See Smith v. Frye*, 488 F.3d 263, 274 (4th Cir. 2007). When a court considers a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, a court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When a 12(b)(6) motion deals with a civil rights complaint, the court should not dismiss the claim "unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. U.S. Postal Service*, 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted).

Moreover, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). To survive a motion to

dismiss, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See id.* Pleaders must allege enough facts to "nudge [ ] their claims across the line from conceivable to plausible." *Id.* at 570. "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1950 (2009).

The issue in reviewing the sufficiency of the pleadings in a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims made. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Dismissal, however, is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *see generally*, 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) (stating that dismissal is appropriate when an affirmative defense appears on the face of the pleading).

In circumstances where a litigant is proceeding *pro se*, the court should keep in mind, when considering a Rule 12(b)(6) motion, that the *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985). District courts are not required to "conjure up questions never squarely presented to

7

them." *Id.* "District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments[.]" *Id.*

## B. Analysis

To state a viable claim under 42 U.S.C. § 1983, the plaintiff is required to demonstrate that a person acted under color of state law and deprived the plaintiff of a constitutional right, privilege, or immunity. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658 (4th Cir. 1998). "Person," as used in § 1983, includes local governmental bodies. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *see Ashby v. Isle of Wight County School Bd.*, 354 F.Supp.2d 616, 625 (E.D.Va. 2004). Here, the constitutional claims underlying Plaintiffs' § 1983 action appear to be alleged violations of Due Process, Equal Protection, and an unspecific form of discrimination. The court will address the sufficiency of Plaintiffs' pleading as to each alleged violation.

### 1. Due Process Claim

Plaintiffs argue that, under § 1983, Defendants violated rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Due Process Clause of the Fourteenth Amendment guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law." *U.S. Const. amend. XIV.*

Here, it is not entirely clear what constitutionally protected interest Plaintiffs contend they have been deprived of without Due Process. The factual allegations advanced by Plaintiffs in support of their claim is that the ad valorem taxes for 2006 were paid in full as of November 3, 2007, and "there was no logical reason for this case to be turned over to an attorney for collection." [DE-1], Compl., p. 6. Specifically, Plaintiffs claim that attorney David B. Craig allegedly took the ad valorem tax payments and "misapplied them so that he could have a court

8

case." [DE-1], Compl., p. 6. From the face of the complaint, it appears that Plaintiffs are disputing the tax collection process for the properties owned in Fayetteville and Cumberland County, North Carolina. However, even when construed liberally, the court does not see how these allegations give rise to a viable Due Process claim. Also, Plaintiffs seek, in relief, that "the illegal foreclosure action [be] rescinded." [DE-1-2], Compl., p. 6. Based on this request, the court can only assume that Plaintiffs have been afforded an opportunity to resolve any disputes that they may have had with the tax collection process during this foreclosure proceeding.

Ultimately, the facts, as alleged by Plaintiffs in the complaint, do not nudge their claim "across the line from conceivable to plausible." *See Twombly*, 550 U.S. 544 at 570 (2007). Accordingly, Plaintiffs' Due Process claim against Defendants is DISMISSED.

## 2. Equal Protection Claim

Plaintiffs also advance a claim under § 1983 for alleged violation of rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (internal quotations omitted). "The purpose of the [E]qual [P]rotection [C]lause...is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota County, Neb.*, 260 U.S. 441, 445 (citation omitted).

To state a claim under the Equal Protection Clause, a plaintiff must plead sufficient facts to " 'demonstrate that [s]he has been treated differently from others with whom [s]he is similarly

situated and that the unequal treatment was the result of intentional and purposeful discrimination.' " *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Courts have applied a two-tier analysis when evaluating equal protection claims. *Hinton v. Conner*, 366 F.Supp.2d 297, 313 (M.D.N.C. 2005). "Strict scrutiny applies if a person is treated differently based upon membership in a suspect class or because of the exercise of a fundamental right." *Id.* (citing *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976)). The strict scrutiny standard requires the government to show "that the classification it imposed was necessary to promote a compelling government interest." *Id.* In the absence of a disparate treatment of a suspect class or burden on the exercise of a fundamental right, "the government need only show a reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* (citing *Bd. of Trs. v. Garrett*, 531 U.S. 356, 267 (2001). Additionally, the United Sates Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Orech*, 528 U.S.562, 564 (2000).

Upon careful review of the complaint, the court is not entirely clear on how Plaintiffs have been treated differently than persons similarly situated nor do any of the facts suggest that the alleged unequal treatment was a result of intentional and purposeful discrimination. It seems that the root of this Equal Protection claim arises from Plaintiffs' dispute over the tax collection process for the properties owned in Fayetteville and Cumberland County, North Carolina. Plaintiffs also seem to dispute the "street paving fees" assessed on her property and claim that her neighbor has not been paying such fees. *See* [DE-1-2], Compl., p. 3. Even when construed liberally in light of Plaintiffs' *pro se* status, the facts as alleged in this complaint are not enough

10

to support a claim that is plausible on its face. *See Twombly*, 550 U.S. 544 at 555 (2007). Therefore, Plaintiffs' Equal Protection claim is DISMISSED.

### 3. Discrimination Claim

Plaintiffs also allege that Defendants are liable for some form of discrimination. Plaintiffs do not specifically identify the nature of the discrimination nor do they provide any legal authority to support such claim in the complaint. Again, this claim seems to arise out of Plaintiffs' dispute over the tax collection process for the properties owned in Fayetteville and Cumberland County, North Carolina. As the court is unclear as to the nature of the discrimination alleged and because no sufficient facts are pled in the complaint which would suggest any type of discrimination, Plaintiffs' discrimination claim is DISMISSED.

### 4. Title VI of the Civil Rights Act of 1964

Plaintiffs argue that Defendants are in violation of Title VI of the Civil Rights Act of 1964 "in failing to exercise supervisory responsibility over the local tax office and City and County Attorneys to insure that citizens are not discriminated against[.]" Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. There are no facts or allegations made in the complaint which would suggest that Plaintiffs, on the grounds of race, color, or national origin, was discriminated against or exclude from participation in any program or activity receiving federal financial assistance. Accordingly, Plaintiffs' claim under Title VI of the Civil Rights Act of 1964 is DISMISSED.

11

## IV. CONCLUSION

Based on the foregoing reasons, the Motions to Dismiss [DE-33; DE-38; DE-41] filed by

Defendants are **ALLOWED**. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 30th day of September, 2011.

JAMES C. FOX
Senior United States District Judge

12